KRECHTER, Appellant, v. GROFE.

Division One, January 13, 1902.

1. **Ejectment:** DESCRIPTION OF LOTS: WILL: EXTRINSIC EVIDENCE. Where the description of a lot in a will is clear and unambiguous, extrinsic evidence is not permissible to show that a different description was intended.

2. ———: ———: ———: ———: "MORE OR LESS." Where the testatrix describes the lot given defendant as "fronting 32 feet and 6 inches, more or less, on Magnolia avenue, by depth northwardly 156 feet more or less to an alley 15 feet wide on which said lot has a front of 26 feet, more or less," the use of the conventional words "more or less," by which the will deals with measurements to the inch, has no significance, and certainly does not authorize the court to hold that she meant for the lot to have a front on the alley of only seven-

Vol 166 mo—25

teen feet two inches, although extrinsic evidence might show that testatrix had divided the lot according to that contention in her lifetime, and that such division harmonized with the small buildings erected thereon by her.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

AFFIRMED.

*O. J. & R. Lee Mudd* for appellant.

(1) The court erred in excluding testimony showing statements and directions of the testatrix respecting the plan of the buildings and structures and occupancy and usage of the lots. Thompson v. Thompson, 115 Mo. 62; Kronenberger v. Hoffner, 44 Mo. 185; Calloway v. Henderson, 130 Mo. 86; McKinney v. Doane, 155 Mo. 299; Small v. Field, 102 Mo. 122; Whitehead v. Ragan, 106 Mo. 231; Vernor v. Henry, 3 Watts 391; Treat v. Strickland, 23 Me. 238; Davis v. Sherman, 7 Gray 291; Wood v. Witt, 139 Mass. 63; Hooten v. Camerford, 152 Mass. 591; Coleman v. Eberle, 76 Pa. 197; Warner v. Miltenberger's Lessee, 21 Md. 264; 1 Jarm. Wills (6 Am. Ed. Bigelow), top p. 434, star 400; Nickols v. Lewis, 15 Conn. 137; Cruse v. Cunningham, 79 Ind. 404; Webster v. Atkinson, 4 N. H. 21. (2) The devises of "No. 2801 . . . together with the lot of land on which it stands," and "No. 2803, together with the lot of land thereto belonging," must be determined, if possible, by monuments or other indications of boundary between the lots, and not by the figures stated as distances "more or less." Rutherford v. Tracy, 48 Mo. 325; Thompson v. Thompson, 115 Mo. 56; Jones v. Poundstone, 102 Mo. 240; Whitehead v. Ragan, 106 Mo. 231; 1 Jarm. Wills (6 Am. Ed. Bigelow), top p. 431, star 397. (3) The measurements given in the devises to plaintiff and defendant are not definitive of boundary, but mere approximation of quantity. To state distance or quantity as so many

feet, "more or less," presupposes a better and more certain description.    Blaney v. Rice, 20 Pick. 62; Williamson v. Hall, 62 Mo. 405; Doe v. Roe, 1 Wend. 541; Howell v. Merrill, 30 Mich. 282; McCoun v. Delhaney, 3 Bibb (Ky.), 46; 2 Devlin on Deeds (2 Ed.), sec. 1046, p. 1473.

*Frank A. Hobein, Edward F. Garesche* and *Frederick A. Wislizenus* for respondent.

(1)   The construction of a document is a matter for a court, not a jury.   This is also true where that construction involves surrounding facts outside the document, where those facts are not in dispute.    Mantz v. Maguire, 52 Mo. App. 146; Enterprise Soap Works v. Sayers, 55 Mo. App. 15.    (2) "More or less" in description of realty, while elastic terms, will not permit a departure of more than ten or fifteen per cent from the figures they qualify, and one of twenty per cent is too great.    Am. & Eng. Ency. of Law, tit. "More or Less," pp. 718, 719; Gentry v. Hamilton, 3 Ired. Eq. 376.    (3) In construing a will it is not permissible to introduce testimony of testator's declarations.    Mersman v. Mersman, 136 Mo. 256; Brady v. Brady, 24 Mo. 311.

BRACE, P. J.—This is an action in ejectment, tried before the court without a jury, in which at the close of plaintiff's evidence, the court declared the law to be "that the facts proved by the evidence offered by the plaintiff are not sufficient to support the plaintiff's contention."   Thereupon the plaintiff took a nonsuit with leave, and her motion to set the same aside having been overruled, she appealed.

On May 5, 1896, Mrs. Theckla Krechter died seized and possessed of the real estate shown in colors on the plat on opposite page:

"Said tract containing a front 85 feet 4 inches on the north line of Magnolia avenue and extending northwardly to an alley on the south line of which it has a width of 78 feet 4 inches,

said tract being bounded east by California avenue and on the west by the lot conveyed by Phil Krechter to Cath. Zelhender," etc.

By her last will and testament duly admitted to probate, she devised this property as follows:

"Second. It is my will and I hereby direct that all the real estate owned by me in city block No. 2076 (alias Number 2067), of the city of St. Louis, Missouri, shall be disposed of in manner following, that is to say, I devise and give to my daughter, Mary Grofe, that certain brick building known as Number 2801, Magnolia avenue, in said city of St. Louis, Mo., together with the lot of land on which it stands, fronting 32 feet and 6 inches, more or less, on the north line of Magnolia avenue, by depth northwardly of 156 feet more or less, to an alley 15 feet wide, on which said lot has a front of 26 feet, more or less, to have and to hold the same unto her, her heirs, and assigns forever. The said lot is bounded as follows: On the east by California avenue, south by Magnolia avenue, and north by said alley. The foregoing devise is made, however, on the following condition: that she, the said Mary Grofe, shall pay, or cause to be paid, out of the land so devised the sum of thirty-five hundred dollars, whereof the sum of two thousand dollars shall be paid unto my said daughters, Helena Krechter, now Sister Thekla, and Katharine Krechter, now Sister Johanna, share and share alike, and the balance of fifteen hundred dollars thereof, shall be paid to my executor herein and shall be used for the payment of all my just debts, my funeral expenses and the three legacies hereinafter mentioned for $100 each, and the surplus, if any, shall be paid over to the residuary legatee named in this my will. I devise and give unto my daughter, Philomina Krechter, that certain brick building known as Number 2803, north side of Magnolia avenue in said city of St. Louis, Missouri, together with the lot of land thereto belonging, having a front of 27 feet and 9 inches, more or less on the north side of Magnolia avenue

by a depth northwardly of 156 feet, more or less, to an alley 15 feet wide; and being bounded on the east by property hereinbefore devised to my said daughter, Mary Grofe, and on the south by Magnolia avenue, and north by said alley. Provided, however, that she, the said Philomina Krechter, shall pay, or cause to be paid, unto my said daughter, Emma Kesselheim, out of the realty so devised the sum of two thousand dollars. I do further direct that the several amounts charged against my said daughters, Mary Grofe, and Philomina Krechter, respectively, as specified herein, shall be paid by each of them within twelve months from the probate of this my will, and without interest. I devise and give unto my daughter, Emma Kesselhein, a certain lot of ground situated in city block No. 2076, of the city of St. Louis, Mo., fronting 25 feet, more or less, on the north side of Magnolia avenue by a depth northwardly of 156 feet, more or less, to an alley 15 feet wide; and being bounded south by Magnolia avenue, north by said alley, east by property herein last above devised to Philomina Krechter, and west by property now or formerly belonging to Catherine Zellahaber; to have and hold the same unto her, her heirs and assigns forever."

This tract was all inclosed, but there were no division fences. The building, No. 2801 and 2803 mentioned in the will and shown upon the plat, is a double three-story brick house divided into two, by a partition wall. It fronts on Magnolia avenue, running back northwardly sixty-five feet eight inches, at right angles with that avenue. The line of the partition wall extended back straight from the rear of the building in that direction, to the alley, is indicated on the plat by the red dotted lines. The triangular piece of land between that line and the black line next west of it, is the land sued for.

It appears from the evidence that the brick building was erected in 1890, and since has been occupied by tenants using the lower story as stores, and the upper stories as dwellings.

That it is supplied with water from the main in Magnolia avenue, and each house had separate pipes from the street and separate meters, and the upper stories of each are also supplied with water closets. That a frame porch about eight feet wide in the rear of the building extends the whole length of it, the eastern end of which conforms to the west line of California avenue, which does not run at right angles with Magnolia avenue. That shortly after the building was erected a seven by nine one-story frame privy, distant about twenty-six feet from the rear of the porch, was built, and in the rear of it two hydrants were placed, over which was afterwards erected a one-story twelve by twelve frame shed, used as a washhouse by some of the tenants. The hydrants were fed by separate pipes extended from the separate water pipes of each house, about on the line indicated by the black dotted line on the plat, and in the rear of the tract was erected a line of sheds, for coal, wood, hay, etc., fronting on the alley, and extending the whole width of the tract. The privy was divided by a wooden partition into two compartments, and a division of the washhouse was indicated by the slight projection of a wooden partition from its south wall in the direction of the hydrants, on a line with that in the privy. That as a rule the tenants in No. 2801 used the east compartment of the privy, the east hydrant and that side of the washhouse, and the tenants of No. 2803 used the west compartment of the privy, the west hydrant and the west side of the washhouse, and that these outhouses were built and so used under the directions of the testatrix. And upon these facts the plaintiff contends that as the dotted red line aforesaid, being an extension of the line of the partition wall of the main building, to the alley, is in line with the partition of the privy—the partition indicating a division of the washhouse, and runs between the two hydrants. That this extended line is the east line of the lot devised to her by the will, and hence, she has title to the triangular piece of land aforesaid, and the judgment of the court ought to have been

in her favor. The fault of this contention is that there is nothing in the will to support it.

Whatever may have been the view and intentions of Mrs. Krechter at the time she had these little, insignificant structures erected for the convenience of her tenants, is a matter of no moment so far as the present inquiry is concerned. [Bradley v. Bradley, 24 Mo. 311.] The will itself is clear and unambiguous, and needs no explanation from extrinsic facts or circumstances. The defendant was to have house No. 2801 and the lot on which it stands, which lot she says fronts thirty-two feet six inches on Magnolia avenue, with a depth of one hundred and fifty-six feet back to the alley, on which it has a front of twenty-six feet and is bounded on the east by California avenue, south by Magnolia avenue and north by the alley. The use of the conventional words "more or less" in this will, in which the testatrix is dealing with measurements, to the inch, is of little or no significance, and could not have been meant to cover a distance of eight or ten feet. So that, by this contention the lot thus specifically, minutely and to the inch described in the will, is reduced from one having a front of twenty-six feet, to one having a front of only seventeen feet two inches on the alley. While the lot given to the plaintiff, and which was to be bounded on the east by the lot given to the defendant as thus described, is correspondingly enlarged. There is nothing in the will to warrant such a construction, and the court was right in refusing to adopt it. The judgment of the circuit court is affirmed.

All concur.